# Exhibit A



**FILED**

JAN 24 2019

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

1

2

3

4

5

6

7

8

9

10

11

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR SNOHOMISH COUNTY

12

13 JEREMY SCHNEIDER, an individual

14                    Plaintiff,

15        v.

16 THE ULTIMATE SOFTWARE GROUP,
17 INC., a Delaware corporation,

18                    Defendant.

19

CASE NO. **19 2 00789 31**

**COMPLAINT FOR DAMAGES**

20

21

## I.    PARTIES, JURISDICTION AND VENUE

22

23        1.1    Plaintiff, Jeremy Schneider, is an individual residing in Snohomish County,

Washington, and an "employee" within the meaning of RCW 49.58.010(4), RCW 49.60.180(10),

24 and RCW 49.78.020(4).

25

26

COMPLAINT – Page 1
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

1.2     Defendant The Ultimate Software Group, Inc. ("Ultimate Software," "Company" or "Employer") is a Delaware corporation doing business in Snohomish County, Washington, and an "employer" within the meaning of RCW 49.58.010(5), RCW 49.60.180(11), and RCW 49.78.020(5).

1.3     This Court has original jurisdiction in this matter pursuant to RCW 2.08.010.

1.4     Venue is proper in Snohomish County pursuant to RCW 4.12.020 and/or RCW 4.12.025.

## II.     FACTUAL ALLEGATIONS

2.1     Ultimate Software's slogan is "People First."  Ultimate Software has been listed on the Forbes 100 Best Places To Work List for several years, placing #3 in 2017.

2.2     Jeremy Schneider was an employee of Ultimate Software from February 25, 2013 until August 17, 2018.

2.3     Mr. Schneider was initially hired by Ultimate Software as a Business Development Manager working virtually from his home office in Michigan.

2.4     Mr. Schneider was successful in his role as Business Development Manager, earning "Ulti-Club" status and Rookie of the Year honors for 2013.

2.5     Mr. Schneider earned Ulti-Club and led the Midwest Sales team in total sales for 2015.

2.6     Although Mr. Schneider was successful in sales, he wanted to transition his career into a new role at Ultimate Software, so he applied for a position as an Executive Relationship Manager ("ERM") that would require relocation of his family from Michigan to the Seattle, Washington metropolitan area.

COMPLAINT – Page 2
Case No.:

2.7     On or about November 17, 2015, the Company promoted Mr. Schneider to the position of ERM, effective January 4, 2016.

2.8     Mr. Schneider worked as an ERM for the Company stationed in the Seattle, Washington metropolitan area.  He was successful in the ERM role, earning Ulti-Club status in both 2016 and 2017.

2.9     In the Spring of 2018, Mr. Schneider was prescribed a change in medication for anxiety and depression which had an unexpected and negative effect on his emotional state.

2.10    On May 21, 2018, Mr. Schneider had his weekly one-on-one call with his supervisor Valerie Hardman.  During the call, Mr. Schneider was unable to communicate effectively and Ms. Hardman indicated that it might be time for Mr. Schneider to look for a different role inside or outside the Company.

2.11    In late May of 2018, Mr. Schneider communicated with Ms. Hardman regarding his medication change and the impact that it had, affecting his interaction with her on May 21, 2018. Mr. Schneider referenced his unblemished five-year employment record with the Company and requested leave while the medication issue was addressed.

2.12    In late May of 2018, Mr. Schneider and Company representatives discussed Mr. Schneider's depression, the effect that the change in medication was having on his behavior and performance, and discussed possible options for transitioning to a different role.  Mr. Schneider reiterated his interest in medical leave.

2.13    During the last week of May, 2018, Mr. Schneider began the paperwork necessary to obtain a Family and Medical Leave Act/Washington Family and Medical Leave Act ("WFMLA") approved leave for July 2, 2018 through August 6, 2018.

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.14    In June of 2018, Ms. Hardman pressed Mr. Schneider to make a decision about whether he intended to return to the ERM position after his leave, that she could not guarantee he would have a full book of business large enough to be bonus eligible, and that he would be a "floater" in the sense that he would be assigned new accounts in various areas upon his return.

2.15    Ms. Hardman encouraged Mr. Schneider to move up the start of his leave from July 2, 2018 to June 23, 2018.

2.16    Mr. Schneider agreed to begin the leave, effective June 23, 2018.

2.17    Mr. Schneider was therefore on leave beginning June 23, 2018.

2.18    Mr. Schneider's leave was subsequently extended to August 10, 2018.

2.19    On or about August 13, 2018, Company Benefit Specialist Melinda Mestres called Mr. Schneider to confirm that he was returning to work, which Mr. Schneider confirmed.

2.20    Mr. Schneider expressed to Ms. Hardman on August 13, 2018 that he intended to return to the ERM role. Ms. Hardman indicated that his role would be limited: he would not have a full book of business that was bonus eligible, and he would be assigned as a floater with clear performance goals. Mr. Schneider accepted these conditions even as Ms. Hardman continued to test whether he really wanted to return to the ERM role or look for a different position internally.

2.21    On August 14 and 15, Mr. Schneider attempted to follow up with Ms. Hardman about next steps.

2.22    On August 16, 2018, Mr. Schneider attended a call with Ms. Hardman and Vice President of Relationship Management Patrick O'Neill.

2.23    On the call, Ms. Hardman and Mr. O'Neill indicated that they were terminating Mr. Schneider's employment.

COMPLAINT – Page 4
Case No.:

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

2.24    Ms. Hardman and Mr. O'Neill indicated that the Company was terminating Mr. Schneider's employment because they had become aware of a conversation that Mr. Schneider had with another ERM during which he was discussing his compensation and that he was returning to employment to allow his stock to vest in February of 2019.

2.25    Specifically, in a private on-line conversation ("the on-line conversation") with a co-worker, Mr. Schneider stated, "with the recent stock price, I'm reminding myself that I'm doing this for 100k in Feb…" and "I'd seriously walk now if they'd vest it".

2.26    Prior to reaching its decision to terminate Mr. Schneider, the Company did not conduct any interview with Mr. Schneider regarding the on-line conversation.

2.27    Mr. Schneider had no intention of resigning his employment with the Company, before or after the anticipated stock vesting in February of 2019.

2.28    Mr. Schneider was discussing his wages with another employee.

2.29    The Company claims that the reason it terminated Mr. Schneider from employment was because "of a conversation you had with another employee in which the content did not align with our culture and it was clear that your intent to remain in your job was solely for a financial benefit through the vesting of your shares in 2019."

2.30    This express reason for termination is both contrary to law and pretextual for disability discrimination and/or retaliation for exercising rights under the Washington Family and Medical Leave Act.

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

### III.    FIRST CAUSE OF ACTION
### Disability Discrimination
### Washington Law Against Discrimination
### RCW 49.60.180

3.1    Plaintiff realleges paragraphs 1.1 through 2.30 as though fully set forth herein.

3.2    Defendant's actions and/or omissions constitute a violation of RCW 49.60.180 insofar as Defendant has terminated Mr. Schneider because of his disability.

3.3    As a result of Defendant's violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

### IV.    SECOND CAUSE OF ACTION
### Violation of Washington Family and Medical Leave Act
### RCW 49.78.300

4.1    Plaintiff realleges paragraphs 1.1 through 3.3 as though fully set forth herein.

4.2    Defendant's actions and/or omissions constitute violations of RCW 49.78.300, including terminating Mr. Schneider because he exercised his rights under the Washington Family and Medical Leave Act.

4.3    As a result of Defendant's repeated and ongoing violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

### V.    THIRD CAUSE OF ACTION
### Violation of Equal Pay Opportunity Act
### RCW 49.58.040

5.1    Plaintiff realleges paragraphs 1.1 through 4.3 as though fully set forth herein.

5.2    Defendant stated reason for terminating Mr. Schneider constitutes a per se violation of RCW 49.58.040.

5.3    As a result of Defendant's violation of the law, Plaintiff has been damaged in an amount to be proven at trial.

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

## VI.   FOURTH CAUSE OF ACTION
### Retaliation
### RCW 49.60.210, RCW 49.78.300 and/or RCW 49.58.050

6.1    Plaintiff realleges paragraphs 1.1 through 5.3 as though fully set forth herein.

6.2    Defendant's actions and/or omissions constitute violations of RCW 49.60.210 and/or RCW 49.58.050.

6.3    As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

## VII.   FIFTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

7.1    Plaintiff realleges paragraphs 1.1 through 6.3 as though fully set forth herein.

7.2    Defendant's actions and/or omissions constitute wrongful termination in violation of public policy.

7.3    As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting the following relief:

1.    An order finding that Defendant discriminated and/or retaliated against Plaintiff because of his disability and/or because he exercised his rights to family and medical leave in violation of RCW 49.60.180, RCW 49.60.210, RCW 49.78.300;

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.      An order finding that Defendant violated the Equal Pay Opportunity Act by terminating Plaintiff for discussing his wages with another employee in violation of RCW 49.58.040;

3.      An order finding that Defendant's termination of Plaintiff's employment was a wrongful termination in violation of public policy;

4.      An order granting Plaintiff full back pay and benefits and other actual monetary losses in an amount to be proven at trial as a result of the discriminatory and/or retaliatory actions and/or omissions;

5.      An order granting Plaintiff front pay and benefits designed to adequately compensate Plaintiff for loss of future wages and other economic losses in an amount to be proven at trial;

6.      An order granting Plaintiff an award of damages for all other forms of economic losses and non-economic losses, including without limitation specific damages and general damages for mental anguish, emotional distress, and pain and suffering in an amount to be proven at trial;

7.      Statutory and/or liquidated damages under RCW 49.58.070 and RCW 49.78.330;

8.      An order granting Plaintiff his attorney's fees pursuant RCW 49.60.030(2), RCW 49.78.330, RCW 49.48.030, RCW 49.52.050 and/or RCW 49.58.070, along with costs incurred in prosecuting this action in an amount to be proven at trial;

9.      Pre-judgment and post-judgment interest under the above referenced statutes; and

COMPLAINT – Page 8
Case No.:

10.    Such other and further relief as the Court deems just and equitable.


RESPECTFULLY SUBMITTED this 23ʳᵈ day of January, 2019.


                              VANGUARD LAW, LLC


                      By:    _____
                              Spencer Nathan Thal, WSBA # 20074
                              Vanguard Law, LLC
                              PO Box 939
                              Poulsbo WA  98370
                              Phone:  (206) 488-8344
                              spencer@vanguardlawfirm.com
                              *Attorney for Plaintiff*

COMPLAINT – Page 9
Case No.: