UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

JEREMY SCHNEIDER, an individual,

       Plaintiff,

      vs.

THE ULTIMATE SOFTWARE GROUP, INC., a Delaware corporation ,

       Defendant.

Case No.: 2:19-cv-00332-TSZ

STIPULATED PROTECTIVE ORDER

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall mean any information that is non-public information of Defendant, and anything which by virtue of its nature would naturally be considered to be confidential information of Defendant, in any form, manner or media, including but not limited to

STIPULATED PROTECTIVE ORDER - 1

Defendant's business, operations and plans, its processes, source codes, trade secrets, customer lists, prospective customer lists, names, personal information and data of any other kind of Defendant, Defendant's customers, and Defendant's prospective customers, and its and their employees, books, charts, records, documents, computer material or records, reports and surveys, past, current, future or proposed hardware or software products, components thereof or improvements thereto; business forecasts and procurement requirements of Defendant, marketing strategies, pricing, financial results, plans, requirements, processes and technology relating to the foregoing products, components or improvements, the research and development activities of Defendant, and computer programs, source code, data files, design, layout and associated documentation of Defendant. Confidential material shall also include any of the following information of either party that is marked or otherwise identified as confidential or proprietary, or that the other party knows or should know is confidential or proprietary and all (a) technical information including but not limited to patent, trade secret and proprietary information, techniques, sketches, drawings, models, inventions, know-how, processes, apparatus, equipment, source code and algorithms related to either party, and (b) information relating to costs, prices and names, finances, marketing plans, business opportunities, personnel, research, development or know-how and shall be treated as confidential. Finally, confidential material shall include any information and/or documentation related to nonparty employees of Defendant; Plaintiff's personnel related information/documentation; Plaintiff's medical records; and any documents that relate to Plaintiff's mental health or that contain Plaintiff's social security number.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

1    However, the protections conferred by this agreement do not cover information that is in

2    the public domain or becomes part of the public domain through trial or otherwise.

3    4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4    4.1    Basic Principles. A receiving party may use confidential material that is disclosed

5    or produced by another party or by a non-party in connection with this case only for prosecuting,

6    defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

7    categories of persons and under the conditions described in this agreement. Confidential material

8    must be stored and maintained by a receiving party at a location and in a secure manner that ensures

9    that access is limited to the persons authorized under this agreement.

10    4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

11    by the court or permitted in writing by the designating party, a receiving party may disclose any

12    confidential material only to:

13        (a)    the receiving party's counsel of record in this action, as well as employees

14    of counsel to whom it is reasonably necessary to disclose the information for this litigation;

15        (b)    the officers, directors, and employees (including in house counsel) of the

16    receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

17    agree that a particular document or material produced is for Attorney's Eyes Only and is so

18    designated;

19        (c)    experts and consultants to whom disclosure is reasonably necessary for this

20    litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21        (d)    the court, court personnel, and court reporters and their staff;

22        (e)    copy or imaging services retained by counsel to assist in the duplication of

23    confidential material, provided that counsel for the party retaining the copy or imaging service

24    instructs the service not to disclose any confidential material to third parties and to immediately

25    return all originals and copies of any confidential material;

26

STIPULATED PROTECTIVE ORDER - 3

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material,

documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced; provided, that any documents obtained from Plaintiff's health care providers shall be regarded as confidential (and deemed marked as "CONFIDENTIAL" under paragraph 5.3), without specific designation unless otherwise agreed or limited by the parties.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony

1  after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

2  transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

3  exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information

4  at trial, the issue should be addressed during the pre-trial conference.

5  (c)  Other tangible items: the producing party must affix in a prominent place

6  on the exterior of the container or containers in which the information or item is stored the word

7  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

8  the producing party, to the extent practicable, shall identify the protected portion(s).

9  5.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

10  designate qualified information or items does not, standing alone, waive the designating party's

11  right to secure protection under this agreement for such material. Upon timely correction of a

12  designation, the receiving party must make reasonable efforts to ensure that the material is treated

13  in accordance with the provisions of this agreement.

14  6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

15  6.1  Timing of Challenges. Any party or non-party may challenge a designation of

16  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

17  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

18  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

19  challenge a confidentiality designation by electing not to mount a challenge promptly after the

20  original designation is disclosed.

21  6.2  Meet and Confer. The parties must make every attempt to resolve any dispute

22  regarding confidential designations without court involvement. Any motion regarding confidential

23  designations or for a protective order must include a certification, in the motion or in a declaration

24  or affidavit, that the movant has engaged in a good faith meet and confer conference with other

25  affected parties in an effort to resolve the dispute without court action. The certification must list

26

STIPULATED PROTECTIVE ORDER - 6

the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

       6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

       (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

       (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

       (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

1  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

2  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

3  Bound" that is attached hereto as Exhibit A.

4  9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

5  MATERIAL

6      When a producing party gives notice to receiving parties that certain inadvertently

7  produced material is subject to a claim of privilege or other protection, the obligations of the

8  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

9  is not intended to modify whatever procedure may be established in an e-discovery order or

10  agreement that provides for production without prior privilege review. The parties   agree to the

11  entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

12  10.    NON TERMINATION AND RETURN OF DOCUMENTS

13      Within 60 days after the termination of this action, including all appeals, each receiving

14  party must return all confidential material to the producing party, including all copies, extracts and

15  summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

16      Notwithstanding this provision, counsel are entitled to retain one archival copy of all

17  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

18  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

19  product, even if such materials contain confidential material.

20      The confidentiality obligations imposed by this agreement shall remain in effect until a

21  designating party agrees otherwise in writing or a court orders otherwise.

22      //

23      //

24      //

25      //

26      //

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: July 3, 2019.

VANGUARD LAW, LLC                          OGLETREE, DEAKINS, NASH, SMOAK &
                                           STEWART, P.C.


*/s/ Spencer Nathan Thal (with permission)* */s/ Jaime N. Cole*
Spencer Nathan Thal, WSBA #20074           Jaime N. Cole, WSBA# 47258
Vanguard Law, LLC                          Anthony B. Byergo, WSBA #50929
PO Box 939                                 1201 Third Avenue, Suite 5150
Poulsbo WA 98370                           Seattle, WA 98101
Phone: 206-488-8344                        Phone: 206-693-7057
Email: spencer@vanguardlawfirm.com         Email: Jaime.cole@ogletree.com
zach@vanguardlawfirm.com                   Anthony.byergo@ogletree.com

*Attorney for Plaintiff*                    *Attorneys for Defendant*

1         PURSUANT TO STIPULATION, IT IS SO ORDERED

2         IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3    documents in this proceeding shall not, for the purposes of this proceeding or any other federal or

4    state proceeding, constitute a waiver by the producing party of any privilege applicable to those

5    documents, including the attorney-client privilege, attorney work-product protection, or any other

6    privilege or protection recognized by law.

7

8    DATED:  July 10, 2019.

9

10   _____

11   Thomas S. Zilly
     United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 10

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3      I, _____ [print or type full name], of

4  _____ [print or type full address], declare under penalty of

5  perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6  issued by the United States District Court for the Western District of Washington on [date] in the

7  case of _____ **[insert formal name of the case and the number and initials**

8  **assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

9  Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10  expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

11  not disclose in any manner any information or item that is subject to this Stipulated Protective

12  Order to any person or entity except in strict compliance with the provisions of this Order.

13      I further agree to submit to the jurisdiction of the United States District Court for the

14  Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16  Date: _____

17  City and State where sworn and signed: _____

18  Printed name: _____

19  Signature: _____

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 11